# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KURT WILLIAMS and<br>GEARHEAD PROPERTIES, LC,<br><br>Defendants. | CASE NO.: 3:25-cv-00007<br><br>JUDGE<br><br>Jury Trial Demanded |

## COMPLAINT

For its Complaint, the United States of America alleges as follows:

1. This action is brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968 ("Fair Housing Act"), as amended, 42 U.S.C. §§ 3601, *et seq.*

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action under 28 U.S.C. § 1331, § 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the Southern District of Iowa, and Defendants reside or do business in the Southern District of Iowa.

## FACTUAL ALLEGATIONS

4. Defendant Kurt Williams is a resident of Davenport, Iowa.

5. Defendant Gearhead Properties, LC, is an Iowa limited liability company whose principal place of business is in and around the city of Davenport, Iowa.

## **DEFENDANT KURT WILLIAMS**

6. Since at least 2010, Defendant Kurt Williams served as agent, owner, business partner, officer, and/or property manager for approximately 20 properties owned and/or co-owned by him and the company Gearhead Properties, LC.

7. These properties include, but are not limited to, the following addresses in Davenport, Iowa: 407 W. 65th Street; 625 W. 61st Street; 644 W. 64th Street; 665 W. 64th Street; 671 W. 64th Street; and 6203 Brown Street ("subject properties").

8. The subject properties described above are "dwellings" within the meaning of 42 U.S.C. § 3602(b).

9. At all times relevant to this action, Defendant Kurt Williams performed management duties at the subject properties including, but not limited to, advertising vacancies, accepting or rejecting prospective tenants, setting rates for rent and security deposits, collecting rent, accepting requests for repairs, making repairs, and evicting tenants.

10. At all times relevant to the action, Defendant Gearhead Properties, LC engaged Kurt Williams to act as its agent to manage the subject properties and provided him with the actual or apparent authority to receive applications for tenancy; to accept or reject prospective tenants; to bind tenants to landlord/tenant contracts by signing leases; to collect rents and fees; to make repairs in tenants' housing; to make adjustments to the amounts of rent, fees, or security deposits; and to seek to evict tenants or otherwise enforce lease provisions for the subject properties.

11. On repeated occasions from at least 2010 and continuing through the present, Defendant Kurt Williams has subjected multiple female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment. Such conduct has included, but has not been limited to, the following categories of

sexual harassment:

    a.    Making unwelcome sexual comments and unwelcome sexual advances to female tenants;

    b.    Sending unwanted sexual text messages, requests for photos, and exposing his genitals to female tenants;

    c.    Offering to grant tangible housing benefits—such as making repairs and/or reducing the rent or security deposit and overlooking or excusing late or unpaid rent or utilities—in exchange for sex or sex acts; and

    d.    Taking adverse housing actions, such as initiating eviction actions or refusing to make repairs, or threatening to take such actions, against female tenants who objected to and/or refused sexual advances.

12. For example, from approximately 2021 to 2022, Defendant Kurt Williams repeatedly harassed a female tenant (Tenant 1) who lived in one of the subject properties by making unwelcome sexually inappropriate comments to her; asking her to do striptease dances for him; making demands that she have sex with him or perform sex acts for him in exchange for rent payments; and making demands that she have sex with his friends in exchange for rent payments or completing maintenance requests.

13. In another example, on at least 15 occasions from 2019 to 2020, Defendant Kurt Williams pressured a female tenant (Tenant 2), who lived in one of the subject properties and was unable to pay the full amount of rent, to perform oral sex on him in exchange for reducing her rent and late fees, and for making repairs to her property. He also masturbated regularly in front of Tenant 2 and made her watch.

14. In another example, on multiple occasions from 2021 until the end of 2022, Defendant Kurt Williams sexually harassed a female tenant (Tenant 3) who lived in one of the

subject properties by regularly sending her sexually explicit text messages and offering to reduce the amount of her rent in exchange for sex with him.

15. In yet another example, on multiple occasions from 2010 until approximately 2015, Defendant Kurt Williams sexually harassed a female tenant (Tenant 4) who lived in one of the subject properties by making daily sexual propositions to her and offering to rent hotel rooms so they could have sex. When Tenant 4 refused his advances, Defendant Kurt Williams told her: "I'll take it out of the rent if you do it." When Tenant 4 continued to refuse to have sex with him, Defendant Kurt Williams would say, "You'll probably do it the next time." This unwanted sexual harassment occurred every time Tenant 4 saw Williams to pay her rent or request repairs.

16. The experiences of the women described above in Paragraphs 12-15 were not isolated instances; nor were they the only instances of Defendant Kurt Williams' sexual harassment. Rather, these instances were part of Defendant Kurt Williams' longstanding pattern and practice of illegal sexual harassment of multiple female tenants from as far back as 2010 to the present.

17. Many of Defendant Kurt Williams' discriminatory housing practices, including those described above in Paragraphs 11-15, occurred within the scope of his agency relationship with Defendant Gearhead Properties, LC, and/or were aided by the existence of the agency relationship.

### DEFENDANT GEARHEAD PROPERTIES, LC

18. Defendant Gearhead Properties, LC is an Iowa limited liability company, formed in 2007, that owns, rents, and/or manages the subject properties in Davenport, Iowa. Upon information and belief, Defendant Kurt Williams is an employee and/or agent of Defendant Gearhead Properties, LC.

19. Defendant Gearhead Properties, LC has an ownership interest in all the subject

properties listed in Paragraph 7.

20.     At all times relevant to the action, Defendant Gearhead Properties, LC engaged Defendant Kurt Williams to act as its agent to manage the subject properties, and provided him with the actual or apparent authority to receive applications for tenancy; to accept or reject prospective tenants; to bind tenants to landlord/tenant contracts by signing leases; to use keys to access tenants' housing; to collect rents and fees; to make repairs in tenants' housing; to make adjustments to the amounts of rent, fees, or security deposits; and to initiate evictions against tenants or otherwise enforce lease provisions for the subject properties.

21.     Defendant Gearhead Properties, LC is liable for the discriminatory conduct of its agent, Defendant Kurt Williams, as described above.

22.     The above-described actions and conduct of Defendant Kurt Williams and Defendant Gearhead Properties, LC caused female tenants to suffer physical harm, fear, anxiety, emotional distress, and inhibited their ability to secure housing for themselves and their families.

## CAUSE OF ACTION

23.     By the actions and statements described above, Defendants have:

   a.   Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

   b.   Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

   c.   Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

   d.   Coerced, intimidated, threatened, or interfered with persons in the exercise

or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

24. Under 42 U.S.C. § 3614(a), Defendants' conduct constitutes:

   a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

   b. A denial to a group of persons of rights granted by the Fair Housing Act, which denial raises an issue of general public importance.

25. Female tenants and persons associated with them have been injured by Defendants' discriminatory conduct. Such persons are aggrieved persons as defined in 42 U.S.C. § 3602(i) and have suffered damages as a result of Defendants' conduct.

26. Defendant Kurt Williams' conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an Order that:

   a. Declares that Defendants' discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601, *et seq.*;

   b. Enjoins Defendants, their agents, employees, and successors, and all other persons in the active concert or participation with them from:

      i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

      ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

        iii.      Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Defendants' victims of past unlawful practices to the position they would have been in but for the discriminatory conduct; and

        iv.      Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of Defendants' unlawful practices;

c. Awards monetary damages to each person aggrieved by Defendants' discriminatory conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against Defendants in order to vindicate the public interest, pursuant to 42 U.S.C. § 3614(d)(1)(c); and

e. Awards such additional relief as the interests of justice may require.

Dated: January 17, 2025

Respectfully submitted,

          MERRICK GARLAND
          Attorney General

*/s/ Richard D. Westphal*
RICHARD D. WESTPHAL
United States Attorney
Southern District of Iowa

*/s/ Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Carrie Pagnucco*
CARRIE PAGNUCCO
Chief

*/s/ Amy C. Licht*
AMY C. LICHT
Assistant U.S. Attorney
United States Attorney's Office
Southern District of Iowa
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Phone: (515) 473-9353
Fax: (515) 473-9282
Amy.Licht@usdoj.gov

*/s/ Charla Jackson*
AMIE S. MURPHY
Deputy Chief
CHARLA JACKSON
JASMIN LOTT
Trial Attorneys
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
4CON, 8th Floor
Washington, DC 20530
Phone: (202) 353-9705
Fax: (202) 514-1116
Email: charla.jackson@usdoj.gov
Email: jasmin.lott@usdoj.gov

Attorneys for Plaintiff
United States of America